Frank A. Gulotta, J.
This motion by the defendant to dismiss the complaint as legally insufficient and for summary judgment has been countered by the plaintiff who likewise claims to be entitled to summary judgment on the undisputed facts.
The plaintiff is a membership corporation whose stated purpose according to an amended certificate dated October 17, 1963, includes:
“ To further by clinical study, laboratory research, and publication and education, the knowledge of the nature, causes and control of cancer and allied diseases, and the application and dissemination of such knowledge for the prevention and treatment of those diseases.
“ To further and implement the study of the life sciences and ancillary subjects through science education, by the establishment and conduct of courses of study and other curricula.
“ To establish, operate, equip, and maintain a clinic and facility for the accomplishment and furtherance of the above purposes, and for the detection and diagnosis of cancer.”
*888 This certificate of change of purpose was approved by the State Board of Social Welfare on December 18, 1963, and by a Justice of this court on January 15, 1964.
It is undisputed that the funds which were collected by the defendant, an unincorporated association, and for which the plaintiff seeks an accounting in this action, were collected from the public on behalf of the plaintiff and were so represented, and that it was the intention of defendant’s members when they solicited donations to turn them over to the plaintiff as they had done in the past.
'The resistance to doing so has been inspired by public charges of mismanagement and diversion of funds by certain personnel of plaintiff corporation which came to light after the funds were collected. The court expresses no opinion on the soundness of these charges one way or the other, because they have nothing to do with the decision on these motions.
The defendant’s legal justification for its stand, as distinct from its motive, is that plaintiff has no legal right to solicit and collect funds from the public, either directly or through the agency of Town Councils, of which the defendant is but one of 17, and that consequently since the act was ultra vires, it cannot invoke the assistance of the court to recover the money. I do not believe this position to be legally sound. It puts much too narrow a construction on the corporate charter. It is obvious that the plaintiff could not carry out its authorized purposes without getting money from some source and the nature of research is such as to make it financially unproductive and unprofitable.
Corporations generally have not only their specifically enumerated powers but whatever incidental powers are reasonably necessary to perform their corporate functions. (Gause v. Commonwealth Trust Co., 196 N. Y. 134.) This is as true of a membership corporation as it is of a business corporation. (Matter of German Jewish Children’s Aid, 151 Misc. 834.)
Furthermore, section 14 of the General Corporation Law provides: “ Grant of general powers. Every corporation as such has power, though not specified in the law under which it is incorporated:
fl* IP
“ 3. To acquire property for the corporate purposes by grant, gift, purchase, devise, or bequest, and to hold and to dispose of the same, subject to such limitations as may be prescribed by law.” ,
I do not see how we can differentiate the right to receive a gift from the right to solicit it, as a corporate power.
*889 The Legislature has set up a detailed statutory scheme for regulating solicitation of funds from the public in article 10-A of the Social Welfare Law, which covers all organizations whether they be incorporated or not. It could very well have tied this in with section 11 of the Membership Corporations Law which now provides for special prior consents from a variety of State agencies for numerous activities which are affected with a public interest, if it deemed ‘ ‘ solicitaton of funds” by this type of organization required this kind of approach. That it did not is indicative of the fact that it considered article 10-A plus the numerous criminal statutes dealing with larceny, embezzlement, etc., adequate protection for the public and sufficient to cope with a situation where the recipient of collected funds is charged with misapplication of those funds. In other words, the Legislature in its recent review of this problem (art. 10-A was enacted by L. 1954, ch. 418) had for consideration whether to deal with solicitation of funds before it starts or to let it go forward and regulate it. It chose the latter course.
In passing it may be noted that the plaintiff is registered with the 'State Department of Social Welfare and has complied with the provisions of article 10-A.
It would be most unwise to attempt to deal with the alleged misappropriation of funds by creating a new restriction on the right to collect them, especially when we consider that an unincorporated association organized for exactly the same purpose as this incorporated association, could ¡solicit funds without any such limitation.
Even assuming that defendant’s stand is ethically justified, and I am not holding that it is, we cannot make bad law to deal with one situation, to the consternation and embarrassment of many worthy charitable corporations which have been relying on the law as it is.
Therefore summary judgment is granted in favor of the plaintiff, but without costs, in this action as well as in the other 12 actions all of which involve the same issues.